UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
YADRAM SHIWBODH, INDRAWATIE :
SHIWBODH, and MALEISA SHIWBODH,
： Civil Action No.: 13-cv-00148 (ARR)(JMA)
Plaintiffs,
： **ANSWER**
-against-
：
CARIBBEAN AIRLINES LIMITED,
：
Defendant.
：

：
------------------------------------------------------------- x

    Defendant CARIBBEAN AIRLINES LIMITED ("CARIBBEAN AIRLINES") by and through its attorneys, Condon & Forsyth LLP, answers plaintiffs' Complaint upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admits that passengers with the same names as plaintiffs had roundtrip contracts for carriage with CARIBBEAN AIRLINES from JFK International Airport to Georgetown, Guyana via Trinidad.

    2.    Denies the truth of the allegations in paragraph 2 of the Complaint, except admits that the aircraft operating as Flight BW523 sustained damage after landing.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except admits that passengers with the same names as plaintiffs had roundtrip contracts for carriage with CARIBBEAN AIRLINES from JFK International Airport to Georgetown, Guyana via Trinidad July 29-30, 2011.

## AS TO JURISDICTION

4. As and for its answer to paragraph 4 of the Complaint, CARIBBEAN AIRLINES admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 as plaintiffs' claims are exclusively governed by a treaty of the United States commonly known as the Montreal Convention and further states that jurisdiction is proper pursuant to 28 U.S.C. § 1330(a) as CARIBBEAN AIRLINES is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*.

## AS TO PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 6 and 7 of the Complaint.

6. As and for its answer to paragraph 8 of the Complaint, admits that defendant CARIBBEAN AIRLINES is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, organized and existing under the laws of the Republic of Trinidad and Tobago with its headquarters in Piarco, Trinidad.

## AS TO GENERAL ALLEGATIONS

7. Denies the allegations in paragraph 9 of the Complaint, except admits that CARIBBEAN AIRLINES operates aircraft for reward to and from the United States and otherwise refers all questions of law to the Court for a determination at the time of trial.

8. Denies the allegations in paragraph 10 of the Complaint, except admits that CARIBBEAN AIRLINES operated Flight BW523 on July 30, 2011 on which additional passengers boarded at Piarco International Airport.

9. Denies the truth of the allegations in paragraph 11 of the Complaint but admits that CARIBBEAN AIRLINES flight crew operated Flight BW523.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

11. Denies the truth of the allegations in paragraphs 13 and 14 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

## AS AND FOR ITS ANSWER TO
## COUNT I

13. Repeats, reiterates and realleges each and every admission and denial made in response to the paragraphs identified in paragraph 16 of the Complaint with the same force and effect as if set forth herein at length.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that plaintiffs' claims are exclusively governed by the Montreal Convention and otherwise refers all questions of law to the Court for a determination at the time of trial.

15. Denies the truth of the allegations in paragraphs 18, 19, 20 (a. through j. inclusive), 21 and 22 of the Complaint and otherwise refers all questions of law to the Court for a determination at the time of trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air,

concluded at Montreal, Canada, opened for signature on May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (1999) ("Montreal Convention") and the rights of the parties are governed exclusively by the provisions of the Montreal Convention.

17. Pursuant to Article 17 of the Montreal Convention, defendant CARIBBEAN AIRLINES is not liable to plaintiffs unless the alleged damage was caused by an "accident."

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Repeats, reiterates and realleges each and every statement contained in paragraph 16 of this Answer with the same force and effect as if herein set forth.

19. All or part of the damages allegedly sustained by plaintiffs were caused solely by their culpable conduct or through their own negligent, reckless and careless acts or omissions and their damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to them, pursuant to Article 20 of the Montreal Convention.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Repeats, reiterates and realleges each and every statement contained in paragraph 16 of this Answer with the same force and effect as if herein set forth.

21. The liability of defendant CARIBBEAN AIRLINES, if any, is limited in accordance with the provisions of Article 21 of the Montreal Convention, CARIBBEAN AIRLINES's conditions of carriage and tariffs to an aggregate sum not in excess of 113,100 Special Drawing Rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Any damages sustained by plaintiffs were caused solely by the negligence and carelessness of some third person over whom CARIBBEAN AIRLINES had neither control nor responsibility. Accordingly, defendant CARIBBEAN AIRLINES is not liable to plaintiffs or, in the alternative, CARIBBEAN AIRLINES's liability to plaintiffs should be reduced in accordance with applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Any and all damages allegedly sustained by plaintiffs were not proximately caused by any negligence or culpable conduct on the part of defendant CARIBBEAN AIRLINES.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. If plaintiffs have received remuneration or compensation for some or all of their claimed economic losses, medical costs or any other damages, defendant CARIBBEAN AIRLINES is entitled to have plaintiffs' awards, if any, reduced by the amount of said remuneration or compensation.

## AS TO JURY DEMAND

26. Denies the allegations as to jury demand in the Complaint. CARIBBEAN AIRLINES is a "foreign state" as that term is defined in 28 U.S.C. § 1603(a) and any civil action against CARIBBEAN AIRLINES should be nonjury pursuant to § 1330(a).

## NOTICE OF APPLICABILITY OF FOREIGN LAW

27. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, defendant CARIBBEAN AIRLINES hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, defendant CARIBBEAN AIRLINES LIMITED demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 31, 2013

                              CONDON & FORSYTH LLP

By _____
John Maggio
jmaggio@condonlaw.com
Times Square Tower
7 Times Square
New York, New York 10036
(212) 490-9100

Attorneys for Defendant
CARIBBEAN AIRLINES LIMITED